CARMELO BERRÍOS RIVERA, Petitioner and Appellee, v. MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Respondent and Appellant.

No. 6202. Argued December 20, 1932.—Decided July 11, 1933.

*Charles E. Winter, Attorney General,* and *Arturo Ortiz Toro, Assistant Attorney General,* for appellant. *V. Polanco de Jesús* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This mandamus case is now before this Supreme Court for the second time. It was instituted by Carmelo Berríos against the Treasurer of Puerto Rico, and decided adversely to the petitioner by the district court. Thereupon Berríos brought certiorari proceedings in this Supreme Court and obtained a reversal of the judgment, and the case was remanded to the lower court with directions to issue an alternative writ of mandamus and to continue the proceedings by applying the law as interpreted in the opinion that served as a basis for the judgment of this court. *Berríos* v. *District Court*, 42 P.R.R. 155. The Treasurer petitioned this court for a reconsideration of said judgment, and his petition was denied for the reasons stated in an opinion which supplements and explains the one previously rendered. *Berríos* v. *District Court*, 42 P.R.R. 360. Upon remand to the district court, the case was decided there by a judgment on the pleadings against the defendant, and the latter took the present appeal.

The district court concluded that the defendant had not presented any new question, and that it must decide the case in the manner stated. The defendant maintains that he raised a jurisdictional question which had not been presented before, and asks for a reversal of the judgment of the lower court.

The opinion delivered by this court in denying the reconsideration of its judgment of April 28, 1931, concludes thus:

"It may be that the Superintendent is right in his contention that the instant case is not a proper one for granting, as the Industrial Commission did, the compensation sought, but the fact is that the Commission took action, weighed the evidence, and rendered a decision. The law provides the proper remedies for correcting any error that might be committed by the Commission, and the Superintendent should have obeyed and followed the law.

"Of course, a judgment rendered without jurisdiction is a mere nullity, but in the instant case the Commission had jurisdiction to act. If by reason of an erroneous weighing of the evidence or a mistaken interpretation of the statute, it regarded as proper an improper case for compensation, the question is one to be considered and determined in the manner stated.

"Mindful of the exceptional character of this case, and as new laws and institutions are involved, we rendered our former decision in the form in which it appears, that is by allowing a broader investigation in the event the Treasurer resists performance under the alternative writ directed to be issued. All this, of course, subject to the general doctrine already laid down, to wit, that the functions of the Superintendent under the law, do not include the power to review a decision of the Industrial Commission for the purpose of setting it aside in case such a decision, in his judgment, has not been rendered in accordance with the facts and the law."

The new jurisdictional question raised was that the State Insurance Fund, the insurer in this case, was not heard by the Industrial Commission in the proceedings wherein it rendered the decision which is now sought to be enforced by means of the writ of mandamus.

In our opinion, the appellant is right. The law of the case is that "After the Industrial Commission, in the exercise of its quasi-judicial functions, renders a decision which becomes final by reason of the failure to take an appeal therefrom, the General Superintendent of Insurance has no power to set it aside, or to ignore it or declare it to be null and void because in his judgment the commission erroneously weighed the evidence and improperly applied the law." *Berríos* v. *District Court*, 42 P.R.R. 155. But this presupposes that the decision of the commission was rendered with jurisdiction. Otherwise it would constitute, as was said by us in denying the motion for reconsideration, a mere nullity which could not be enforced.

The commission had power to consider and determine the case in accordance with the pleadings and the evidence, but it lacked authority to decide it without giving the inter-

ested parties an opportunity to be heard. If the insurer is the State Insurance Fund, it should be afforded an opportunity to defend before it can be condemned, the same as any other insurer. "In its quasi-judicial functions the Industrial Commission shall represent the public interests only." Section 7, Act No. 85 of 1928, as amended in 1929 (Act No. 40, Session Laws, p. 222). In such cases, the Workmen's Compensation Bureau referred to in subdivision (c) of said section must be considered as a party to the proceedings. It is on the assumption that such a procedure will be followed that one can explain the existence in the act of the last paragraph of section 24, which we cited in our opinion of April 28, 42 P.R.R. 155, and by virtue of which we declared that since the Superintendent had failed to apply for a review of the decision of the Industrial Commission the same had become final (firme).

The law, as we have construed it in this opinion and in those heretofore delivered—42 P.R.R. 155 and 360—is that where the Industrial Commission, representing the public interest only, undertakes to determine, upon the facts and the law, the compensation that should be paid to a workman, and said workman is insured with the State Insurance Fund, the Superintendent of Insurance has no power by himself and as a final arbiter to set aside the decision of said commission; but in such a case the State Insurance Fund should be acknowledged and dealt with as any other insurer, with power to intervene in the proceedings and to invoke against said decision all the remedies granted to any other insurer.

By reason of all the foregoing, the judgment appealed from should be reversed and the case remanded to the district court where it originated in order that the respondent may have an opportunity to prove the following points:

"1. That the State Insurance Fund, represented by the Superintendent of Insurance, was not summoned or notified by the Industrial Commission before said Industrial Commission rendered a decision in this case.

"2. That the Industrial Commission rendered its decision of December 2, 1929, in the aforesaid case·No. 20704 of that Commission, based solely and exclusively on the report submitted by the employer, the Municipality of Morovis, regarding the accident sustained by Carmelo Berríos Rivera, without affording an opportunity to the State Insurance Fund to appear before said body and plead what it deemed just and proper."

If such proof be made, it is clear that the decision which is sought to be enforced herein would be absolutely void, and that the petition in mandamus should therefore be denied.